In the Matter of SHLOMO TAL, Petitioner, v NEW YORK STATE DEPARTMENT OF CORRECTIONAL SERVICES, Respondent. [782 NYS2d 295]—

Proceeding pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, entered in Albany County) to review a determination of the Commissioner of Correctional Services which found petitioner guilty of violating certain prison disciplinary rules.

A search was conducted of petitioner's cell and numerous

items were found including, among other things, a leather harness and rope, a double bladed razor cartridge, a marble slab, nails and a needle, and excess hobby shop materials. Thereafter, he was charged in a misbehavior report with a number of disciplinary rule violations. At a subsequent tier III disciplinary hearing, he pleaded guilty to possessing authorized property in an unauthorized area. The Hearing Officer ultimately found him guilty of this charge as well as possession of contraband. The Hearing Officer, however, found him not guilty of possession of escape paraphernalia, possession of a weapon and possession of altered items based upon evidence that petitioner made the harness for therapeutic use to alleviate a neck condition and had permission to possess some of the other items confiscated from his cell. This determination was affirmed on administrative appeal, resulting in this CPLR article 78 proceeding.

Petitioner challenges that part of the disposition finding him guilty of possessing contraband, contending that the misbehavior report failed to adequately apprise him that all of the items taken from his cell provided the basis for this charge. He notes that the misbehavior report identified each of the items confiscated from his cell and set forth specific rule violations for particular items. He asserts that he was hampered in preparing a defense because he did not have notice that all of the listed items provided a basis for the contraband charge. We find petitioner's claim to be without merit. The misbehavior report began by declaring that numerous items of "contraband" had been confiscated from petitioner's cell. It then identified each item confiscated. This was sufficient to put petitioner on notice that each of the items confiscated were considered contraband. It was not necessary that the report " 'itemize in evidentiary detail all aspects of the case' " (*Matter of Green v Senkowski*, 276 AD2d 1006, 1007 [2000], *lv denied* 97 NY2d 602 [2001]; *see Matter of Quintana v Selsky*, 268 AD2d 624, 625 [2000]). Inasmuch as there was no due process violation, the determination must be confirmed.

Cardona, P.J., Spain, Mugglin, Rose and Kane, JJ., concur. Adjudged that the determination is confirmed, without costs, and petition dismissed.